| | | |
|---|---|---|
| **HEATHER GIBSON** <br> 570 Bellerive Road, Apt. 322 <br> Annapolis, Maryland 21409 | * <br><br> * | IN THE <br><br> CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | CECIL COUNTY |
| **MARCO TECHNOLOGIES, LLC** <br> 836 Fairfield Road <br> Montoursville, Pennsylvania 17754 <br> <u>Serve on:</u> <br> The Corporation Trust, Inc. <br> 2405 York Road, Ste. 201 <br> Lutherville, Maryland 21093 | * <br><br> * <br><br><br> * <br><br> * | Case No.: C-07-CV-20-000365 |
| and | * | |
| **DAVID S. PORTER** <br> 229 Fairfield Center Road <br> Montoursville, Pennsylvania 17754 | * <br><br> * | |
| Defendants | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## COMPLAINT

Heather Gibson, Plaintiff, by and through her attorneys, George Psoras, Jr., Esq., and Murtha, Psoras & Lanasa, LLC., hereby submit this Complaint against Defendant Marco Technologies, LLC, and Defendant David S. Porter Individually as agent, servant and/or employee of Defendant Marco Technologies, LLC, and for a cause of action, state as follow:

### THE PARTIES

1. Plaintiff, Heather Gibson (hereinafter "Plaintiff"), was at all times relevant hereto, a resident of Anne Arundel County, Maryland.

2. Defendant, David S. Porter, (hereinafter "Defendant Porter"), was at all times relevant hereto, acting in his individual capacity or acting as an agent, servant and/or employee in furtherance of Defendant, Marco Technologies, LLC.

3. Defendant, Marco Technologies, LLC, (hereinafter "Defendant Marco Technologies") was at all times relevant hereto, a Pennsylvania Corporation, that conducted business in the State of Maryland by operating information technology services in various counties in Maryland, including but not limited to Cecil County, Maryland, and was acting as a principal and/or master of Defendant Porter.

## JURISDICTION AND VENUE

4. The Circuit Court of Cecil County has personal jurisdiction over the Defendants pursuant to MD Code, Courts and Judicial Proceedings §§ 6-102 and 6-103(b)(1)(3).

5. That the Circuit Court of Cecil County has venue over the Defendants pursuant to MD Code, Courts and Judicial Proceedings, § 6-201(a), wherein a civil action shall be brought in a county where a defendant carries on a regular business and pursuant to § 6-202(12) as this is an action for damages against a nonresident individual.

6. At all times relevant hereto, is evidence of proper venue, Defendant Marco Technologies provided information technology services in Cecil County, Maryland.

## FACTS COMMON TO ALL COUNTS

7. On or about June 6, 2019, Plaintiff, Heather Gibson, was lawfully operating her vehicle on Rt. 665 at or near the intersection of Solomons Island Road, located in Anne Arundel County, Maryland.

8. At the same time and place, a motor vehicle, owned by Defendant Marco Technologies, being operated by Defendant Porter was travelling northbound on Solomons Island Road, when suddenly and without notice, Defendant Porter, negligently traveled through a red light without stopping and collided with the front driver's side of Plaintiff's motor vehicle with extreme force and violence.

9. As a result of said collision, Plaintiff suffered injuries and damages.

## COUNT I – NEGLIGENCE
(Defendant Porter)

That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 9 of the Complaint with the same effect if herein fully set forth.

10. The Defendant was careless and negligent in that he was operating his vehicle at an excessive rate of speed for the conditions then and there existing, did not have his vehicle under proper and sufficient control, failed to obey traffic signals, failed to obey a traffic control device, failed to observe the presence and proximity of the vehicle of the Plaintiff, failed to avoid a collision with Plaintiff's vehicle and was in other respects, careless, reckless and negligent.

11. As a result of the collision caused by the negligence of the Defendant, the Plaintiff suffered excruciating mental and physical pain; sustained injuries to her back, neck, limbs and right ankle; was required to obtain medical and hospital care and treatment in the past and will be required to obtain medical and hospital care and treatment in the future; was caused and will be caused in the future to pay for medical and hospital care and attention and was otherwise injured and damaged.

12. Plaintiff avers that all of her injuries, damages, expenses, and losses, past, present, and prospective, were, are and will be the direct and proximate result of and due solely to the negligence or want of due care on the part of Defendant, without any negligence or want of due care on the part of the Plaintiff contributing thereunto.

**WHEREFORE**, the Plaintiff brings the suit and claims in an amount of excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, interest, and costs against the Defendant Porter.

## COUNT II – NEGLIGENT ENTRUSTMENT
(Defendant Marco Technologies)

The Plaintiff hereby incorporates by reference all of the factual allegations set forth above.

15. The injuries, harm, and damages that were incurred by the Plaintiff as a result of the use of the vehicle by Defendant Porter in a negligent and reckless manner.

16. At the time of the aforementioned motor vehicle collision, Defendant Marco Technologies owned the vehicle Defendant Porter was driving and had control as to when and where he could operate said vehicle.

17. Defendant Marco Technologies knew, or had reason to know, that Defendant Porter at the time of the collision had poor driving habits, negligent operation of motor vehicles and/or inexperience with driving was likely to drive her vehicle in a negligent and reckless manner, involving an unreasonable risk of harm to herself and/or others.

18. Defendant Marco Technologies entrusted his vehicle and/or granted his permission of the vehicle to be used by Defendant Porter.

19. Defendant Marco Technologies as the owner of the vehicle Defendant Porter was operating, had the right to permit and the power to prohibit the use of the vehicle by Defendant Porter.

20. As a direct result of Defendant Marco Technologies' negligently entrusting its vehicle to Defendant Porter who operated said vehicle owned by Defendant Marco Technologies in a negligent and reckless manner, the Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in Count I of the complaint.

**WHEREFORE,** the Plaintiff brings the suit and claims in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) in damages, interest, and costs against the Defendant Cargo Transportation.

## COUNT III – RESPONDEAT SUPERIOR
(Defendant Marco Technologies)

The Plaintiff hereby incorporates by reference all of the factual allegations set forth above.

21. At all times relevant hereto, Defendant Porter was an agent and/or servant to Defendant Marco Technologies.

22. The above-described acts of Defendant Porter were committed within the scope and/or under the direct authority of Defendant Marco Technologies.

23. As Defendant Porter's principal and/or master at the time of the aforementioned collision, Defendant Marco Technologies is responsible for all of the negligent acts committed by Defendant Porter within the scope of his agent and/or servant relationship.

24. Plaintiff avers that all of her injuries, damages, expenses, and losses, past, present, and prospective, were, are and will be the direct and proximate result of and due solely to the negligence or want of due care on the part of Defendants, without any negligence or want of due care on the part of the Plaintiff contributing thereunto.

**WHEREFORE,** the Plaintiff brings the suit and claims in an amount of excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, interest, and costs against the Defendant.

Respectfully submitted,

/s/ George Psoras, Jr.

**GEORGE PSORAS, JR.**
(CPF # 8706010316)
Murtha, Psoras & Lanasa, LLC
1301 York Road, Suite 200
Lutherville, Maryland 21093
*Telephone:* 410-583-6969
*Telefax:* 410-583-4706
*Email:* gp@mpllawyers.com
*Attorney for Plaintiff*